IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>                 Plaintiff, )<br>    v. )<br>                      )<br>NATIONAL UROLOGICAL GROUP, INC., )<br>et al., )<br>              Defendants, )<br>    and )<br>                      )<br>E. VAUGHN DUNNIGAN, P.C., )<br>              Garnishee. )<br>                      ) | 1:04-CV-3294-CAP |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF FINAL DISPOSITION ORDER IN GARNISHMENT AGAINST GARNISHEE E. VAUGHN DUNNIGAN, P.C.**

The Federal Trade Commission ("FTC" or "Commission") respectfully submits this memorandum in support of its Motion For Entry Of Final Disposition Order In Garnishment. This matter involves a garnishment proceeding initiated by the FTC, to recover a debt owed by the defendants National Urological Group, National Institute for Clinical Weight Loss, Hi-Tech Pharmaceuticals, Inc., Jared Wheat, Thomasz Holda, and Stephen Smith to the FTC.

**I.     BACKGROUND**

The instant garnishment proceeding was initiated by the FTC's filing of an

Application for Writ of Continuing Garnishment. The Writ of Garnishment was based upon this Court's entry of a judgment on or about December 16, 2008 in which it found, *inter alia*, that defendants National Urological Group ("NUG"), NICWL, Hi-Tech Pharmaceuticals, Inc.("Hi-Tech"), Jared Wheat, Thomasz Holda, and Stephen Smith were jointly and severally liable for $15,882,436.00 in consumer redress. As of the date of the filing of this motion , a balance of $14,659,404.00 remains outstanding on the judgment.

The Writ of Continuing Garnishment was issued by the Clerk of Court on or about August 5, 2010. The Application, the Writ, and all related documents and pleadings (these documents will be collectively referred to hereafter as "the garnishment package") were served upon the Garnishee, E. Vaughn Dunnigan, P.C. and upon the defendants' attorney on or about August 12, 2010.

On or about August 17, 2010, the Garnishee filed an answer, stating that as of the date of the Answer of Garnishee the Garnishee was in possession of a client trust account containing $6,338.40 in funds that were provided by her client defendant Jared R. Wheat in his individual capacity as a 100% stockholder of Hi-Tech Pharmaceuticals, who is a judgment debtor in this matter. These funds represent personal property that belongs to one or more of the judgment debtors in this matter and should be turned over to the FTC immediately for

consumer redress to consumers that were harmed by the judgment debtors.

## II. STATEMENT OF APPLICABLE LAW

This garnishment proceeding is governed by the provisions of the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001–3307 (2001), (hereafter referred to as "the FDCPA," or "the Act").  Specifically, the requirements for garnishment proceedings pursuant to the FDCPA can be found at 28 U.S.C. §§ 3202 and 3205.

### A. Procedures generally applicable to all Postjudgment Remedies under the FDCPA under 28 U.S.C. §3202

The provisions of 28 U.S.C. § 3202 apply each time the United States, or an independent agency of the United States government, such as the FTC, commences a postjudgment action or proceeding to collect a debt using the provisions of the FDCPA.  This section requires the FTC to prepare, and the clerk of court to issue, a notice to the judgment debtor containing information regarding the debtor's rights under the statute.  The notice, the language of which must be substantially in the same form as set out in 28 U.S.C. § 3202(b), informs the judgment debtor of the action, provides information for the judgment debtor regarding property which may be exempt from the collection activity, and advises the judgment debtor that the underlying judgment debt itself may be attacked only if the judgment was entered by default.  The Section 3202 notice also includes a form for the judgment debtor to use to claim certain

real or personal property as exempt from the collection action, and to request a hearing regarding those exemptions.

    B.    <u>Procedures specifically applicable to garnishment actions pursuant to 28 U.S.C. § 3205</u>

The more specific FDCPA procedures applicable to a garnishment action are found at 28 U.S.C. § 3205. This section requires that the application for the writ include certain items, including but not limited to a statement regarding the nature and amount of the debt, a statement that not less than 30 days has elapsed since demand for payment had been made on the debtor, and a statement that the garnishee is believed to have possession of property (including nonexempt disposable earnings) in which the debtor has an interest. Section 3205(c) provides that the court is to issue the writ if the requirements of the section have been satisfied. The FTC is required to serve the writ on the garnishee and the judgment debtor, along with (1) instructions explaining the requirement that the garnishee must file an answer, and (2) instructions to the judgment debtor for objecting to the garnishee's answer and for requesting a hearing on that objection.

An objection to the garnishee's answer may be filed by either the judgment debtor or the judgment creditor within 20 days after receipt of the garnishee's answer.

**III.   ENTRY OF DISPOSITION ORDER IS WARRANTED**

In the instant case, the FTC asserts that all of the items delineated above were properly prepared, filed with the court, and served on the judgment debtor and the garnishee as part of the garnishment package.  Section 3205(c)(7) of the FDCPA provides that if no hearing is requested within 20 days after the defendant receives the garnishee's answer to the Writ, the court may enter an order directing the garnishee as to the disposition of the judgment debtor's interest in the property.  No objections and no request for a hearing have been filed.  Therefore, it is proper for the court to enter the Final Disposition Order in Garnishment.

**IV.   CONCLUSION**

For the reasons stated herein, the FTC respectfully requests that the Court issue a Final Disposition Order in Garnishment, pursuant to 28 U.S.C. § 3205(c)(7) as it relates to the Writ of Continuing Garnishment served on the Garnishee, E. Vaughn Dunnigan, P.C.

**[Signature on following page]**

5

Dated:   September 17, 2010						Respectfully submitted,


									s/ Sydney M. Knight
									SYDNEY M. KNIGHT
									MARY L. JOHNSON
									FEDERAL TRADE COMMISSION
									601 New Jersey Ave., NW,
									Rm NJ-3255
									Washington, D.C. 20580
									Tel.: (202) 326-2162, 3115
									Fax: (202) 326-3259
									Email: sknight@ftc.gov
									Attorneys for the Plaintiff

									s/ Cindy A. Liebes, Esq.
									CINDY A. LIEBES (Bar No. 451976)
									FEDERAL TRADE COMMISSION
									SOUTHEAST REGION
									225 Peachtree Street, Room 1500
									Atlanta, GA 30303
									Tel.: (404) 656-1359
									Fax: (404) 656-1379
									Attorney for the Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) 1-04-CV-3294-CAP<br>NATIONAL UROLOGICAL GROUP, INC., )<br>et al., )<br>Defendants. )<br>and )<br>)<br>E. VAUGHN DUNNIGAN, P.C., )<br>Garnishee. )<br>) | |

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that the foregoing document has been prepared with one of the font and point selections (Book Antigua, 13 point) approved by the court in local rule 5.1(C) and 7.1(D).

Dated: September 17, 2010.

                                                      s/ Sydney M. Knight
                                                      Sydney M. Knight

                                                      FEDERAL TRADE COMMISSION
                                                      601 New Jersey Avenue, NW,
                                                      Room NJ-3255
                                                      Washington, D.C. 20580
                                                      Tel.: (202) 326-2162
                                                      Fax: (202) 326-3259;
                                                      Email: sknight@ftc.gov

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>    Plaintiff, )<br> v. )<br>    )<br>NATIONAL UROLOGICAL GROUP, INC., )<br>et al., )<br>    Defendants, )<br> and )<br>    )<br>E. VAUGHN DUNNIGAN, P.C., )<br>    Garnishee. )<br>    ) | 1:04-CV-3294-CAP |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2010, I have filed electronically a copy of Plaintiff's Motion and Memorandum in Support of Plaintiff's Motion for Entry of Final Disposition Order in Garnishment Against Garnishee E. VAUGHN DUNNIGAN, P.C. using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record in this case who are CM/ECF participants:

  Timothy Fulmer, Esq.
  Joseph P. Schilleci, Esq.
  Natter & Fulmer, P.C.
  3800 Colonnade Parkway, Suite 450
  Birmingham, Alabama 35243

Edmund J. Novotny Jr., Esq.
L. Clint Crosby, Esq.
Baker Donelson Bearman
Caldwell & Berkowitz, P.C.
Monarch Plaza, Suite 1600
3414 Peachtree Road, NE

J. Stephen Salter, Esq.
100 Age Herald Building
2107 Fifth Avenue North
Birmingham, AL 35203

Kimberly Dymecki, Esq.
146 Nassau Street
Atlanta, GA 30303

Thomas J. Spina, Esq.
Fawal & Spina
1330 21st Way South, Suite 200
Birmingham, AL 35205

Jerome Froelich, Esq.
McKenney & Froelich
1349 West Peachtree Street
Two Midtown Plaza, Suite 1250
Atlanta, GA 30309

Brett Bloomston, Esq.
Bloomston & Callaway
1330 21st Way South
Suite G-10
Birmingham, AL 35205

    Bruce S. Harvey, Esq.
    Jennifer Hanson, Esq.
    146 Nassau Street, N.W.
    Atlanta, GA 30303
    Counsel for Terrill Mark Wright, M.D.

A true and correct copy of the documents will also be sent via overnight mail to:

    Arthur W. Leach, Esq.
    Arthur W. Leach, Attorney at Law,
    5780 Windward Pkwy, Suite 225,
    Alpharetta GA 30005

    s/ Sydney M. Knight
    Sydney M. Knight
    FEDERAL TRADE COMMISSION
    601 New Jersey Avenue, NW,
    Room NJ-3255
    Washington, D.C.  20580
    Tel.: (202) 326-2162, -2755,
    Fax: (202) 326-3259
    Email: sknight@ftc.gov