# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 1:04-CV-3294-CAP |
| | ) | |
| NATIONAL UROLOGICAL GROUP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### DECLARATION OF STEPHEN SMITH IN SUPPORT OF CONTEMPT DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE AND MOTION TO MODIFY THE FINAL JUDGMENT

I, STEPHEN SMITH, pursuant to 28 U.S.C. § 1746, submit the sworn declaration set forth below in opposition to the Federal Trade Commission's Motion for Order to Show Cause and Motion to Modify the Final Judgment in this matter. My statements are based on either personal knowledge of the facts set forth below or upon my review of the records of defendant Hi-Tech Pharmaceuticals, Inc. If called as a witness at a hearing in this matter I would testify as follows:

1. I am a U.S. citizen and I am over eighteen years old. I am head of customer service for Defendant Hi-Tech Pharmaceuticals, Inc., where I oversee customer service representatives. I also serve as head of sales for Hi-Tech Pharmaceuticals, Inc., where I oversee the sales force. With regard to marketing materials, I do not have any input duties or responsibilities regarding the actual marketing materials or marketing campaigns. I do not have direct access to the corporate or financial records of Hi-Tech Pharmaceuticals, Inc., or the financial records of National Urological Group., Inc. I answer directly to Jared Wheat, the President and Chief Executive Officer of Defendant Hi-Tech Pharmaceuticals, Inc.

2. On January 20, 2008, I entered a plea of guilty in *United States v. Stephen Smith, et al., 1:06-cr-00282-TWT* to a charge of conspiracy to commit mail and wire fraud. I surrendered to the custody of the Bureau of Federal Prisons on February 22, 2009. From February 22, 2009 until October 2, 2009, I was in federal custody and in a federal custodial half-way house. Prior to surrendering, my duties included customer service and sales. It was my responsibility to engage in negotiations with advertising markets, mainly print media (magazines) and supply them with proposed advertising materials. These advertising materials promoting products of Hi-Tech

Pharmaceuticals, Inc., were provided to me in final form by the President and CEO of Hi-Tech Pharmaceuticals, Inc., Jared Wheat.

3. It was, and is, part of my duties to preliminarily negotiate advertising pricing with the media markets. The completed advertising materials were provided to me by Defendant Jared Wheat and those materials were in turn proposed to the media outlets for approval. Pricing, including length of particular advertising campaigns, pricing terms, and ad placement were negotiated by me, but final approval of any marketing budget or advertising campaign, was subject to the approval of Defendant Jared Wheat, President and CEO of Hi-Tech Pharmaceuticals, Inc.

4. Hi-Tech Pharmaceuticals has warehouse, manufacturing and office facilities in the Norcross, Georgia area. The company is involved in all aspects of the dietary supplement industry. Hi-Tech Pharmaceuticals imports raw ingredients directly from suppliers in Asia, South America and elsewhere. It resells ingredients to other dietary supplement companies in addition to using them in its own branded products. In this regard Hi-Tech Pharmaceuticals stands out in the industry as manufacturing its own branded products as well as performing contract

manufacturing for other dietary supplement companies. The company's Georgia manufacturing facilities use sophisticated machinery purchased from major United States drug companies. Hi-Tech Pharmaceutical's manufacturing facilities are GMP compliant and subject to rigorous inspections to maintain this certification.

5. I do not now, nor have I in the past, have any proprietary interest in the corporation of Hi-Tech Pharmaceuticals, Inc. I have always been, and am now, considered an independent contractor for employment purposes. Accordingly, I receive a Form 1099 each year from the corporation. I do not participate in any profit sharing in the corporation and have no monetary stake in any of its stock. My compensation is a set amount. I am not an officer, director or shareholder in any of the corporations. I have no fiduciary duty as an executive or director of the corporations other than as my employment as set out herein.

6. On December 16, 2008, a monetary judgment in the amount of $15,882,436.00 in favor of the Federal Trade Commission ("FTC") was entered. Hi-Tech Pharmaceuticals, myself, and other defendants in the instant civil litigation were made jointly and severally liable for this judgment. The financial decisions of the corporation are solely the province of Defendant Jared Wheat and I am not charged with the authority to engage in financial decisions of the corporation. I do recognize the judgment as a valid and open

debt of both myself and Hi-Tech Pharmaceuticals. I have worked long and tirelessly to satisfy my job duties to the best of my ability and to try to contribute to Hi-Tech Pharmaceuticals, Inc. in any way that I can within my job description to assist the corporation to remain solvent, profitable and financially healthy so that it can continue to operate and ultimately satisfy its financial obligations to the Federal Trade Commission.

7.   I am aware that a substantial portion of the FTC's monetary judgment has been paid. As of the date of this declaration, it has been made known to me that more than $7 million dollars has been transferred to the FTC in partial satisfaction of the judgment. Exactly how much is paid and when, are not decisions I am authorized to make in the course of my duties and responsibilities at Hi-Tech Pharmaceuticals, Inc.  Although, I understand that each Defendant is working towards a common goal of satisfying their financial obligation to the FTC, as well as working to keep the corporation solvent and profitable so that it can continue to employ the approximate one hundred (100) employees that rely on the corporation for their livelihoods.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed this 9th day of December, 2011 at Norcross, Georgia.

_____
STEPHEN SMITH