IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:04-CV-3294-CAP |
| ) | |
| **NATIONAL UROLOGICAL GROUP,** ) | |
| **INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

_____

**CONTEMPT DEFENDANTS' RESPONSE
TO PLAINTIFF'S MOTION TO TEMPORARILY SEAL
AND FOR COURT DETERMINATION OF WAIVER OF
CONTEMPT DEFENDANTS' ATTORNEY-CLIENT PRIVILEGE
AND CROSS MOTION TO DISMISS THE CHARGES OR
DISQUALIFY THE FTC TRIAL TEAM**

COME NOW, the Defendants, Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech"), Jared Wheat ("Wheat"), and Stephen Smith ("Smith") (collectively, the "Contempt Defendants"), by and through undersigned counsel of record, and file this "Response to Plaintiff's "Motion to Temporarily Seal and for Court Determination of Waiver of Contempt Defendants' Attorney-Client Privilege and Cross Motion to Dismiss the Charges or Disqualify the FTC Trial Team," as follows:

1

The FTC has filed a reply in support of its motion for an order to show cause to which it has attached numerous documents that were illegally obtained from Defendant Wheat's prison account and many of which are protected by the attorney-client privilege.  In its motion to temporarily seal that reply and the accompanying memorandum, the FTC argues that the Contempt Defendants have waived the attorney-client privilege and that therefore this Court should rely on the documents in the FTC's reply in determining whether Defendants should be held in contempt.[1]  Because the FTC obtained the documents in violation of Defendant Wheat's statutory and constitutional rights, the documents should be suppressed in their entirety.  Moreover, because the FTC trial team reviewed the documents without first contacting Defendants' attorneys regarding possibly privileged documents or setting up its own internal "taint team," the charges should be dismissed or the FTC trial team should be disqualified from this case and any others involving the Contempt Defendants.

## I.     The FTC Illegally Seized Defendant Wheat's Emails.

To obtain Defendant Wheat's emails, the FTC called a Bureau of Prisons' ("BOP") officer at Defendant's facility of incarceration and then sent a follow-up letter asking for a copy of "all email communications between [Defendant Wheat] and any individual for the period March 1, 2010 through July 19, 2010."  (Reply,

---

[1] The Contempt Defendants agree that the FTC's reply and the accompanying exhibits should be sealed.

Ex. 7.)  Title 18, U.S.C. § 2703(a) specifically provides that a governmental entity may require the disclosure of electronic communications, such as emails, that have been in electronic storage "for one hundred and eighty days or less, *only* pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure . . . ."  18 U.S.C. § 2703(a) (emphasis added).  The letter from the FTC was dated August 17, 2010, and the emails in question had been in electronic storage for less than one hundred and eighty days at that time.  The FTC's request, and BOP's response, were clearly illegal actions.

It is evident from the letter why the FTC evaded the strictures of the statute.  It could not have obtained a search warrant under the circumstances.  The FTC was on nothing more than a fishing expedition.  It sought "information to determine if inmate Jared Wheat played *any* role in the transfers of these sums of money." (Reply, Ex. 7 (emphasis added).)  It did not know whether Defendant Wheat had had a role or what it might have been.  Moreover, it did not limit its request to emails discussing the transfer of money from bank accounts.  Instead, it asked for "all email communications."  (*Id.*)  No court would have authorized such an overbroad request.

Any "aggrieved person" "against whom the interception was directed," 18 U.S.C. § 2510(11), may move to suppress electronic evidence on the ground that it was unlawfully intercepted, 18 U.S.C. § 2518(10)(a).  *See United States v. Terry,*

572 F.3d 430, 432 n.2 (7th Cir. 2009). Defendant Wheat is plainly an aggrieved person under the statute, and all the emails the FTC illegally seized should be suppressed.

The FTC's illegal seizure of Defendant Wheat's emails not only violated his statutory rights, but to the extent that the emails were attorney-client privileged, it also violated his constitutional rights. As an inmate, Wheat had a constitutional right to access to the courts, a right that includes the right not to have governmental entities inspect his communications clearly marked as attorney-client privileged other than for contraband. *Al-Amin v. Smith,* 511 F.3d 1317, 1325-26 (11th Cir. 2008). Although BOP had the right to monitor Defendant Wheat's email correspondence for contraband or illegal activities, it had no additional rights to inspect attorney-client privileged communications. The FTC does not have even that limited right.

The FTC argues in the memorandum in support of its motion that BOP had a clear policy that email communications were monitored and were not confidential. (Doc. 353-1 at 4.) This policy is contradicted, however, by the Code of Federal Regulations governing the policies that BOP may make. Title 28, C.F.R. § 540.17 defines "special mail" as "correspondence" sent to or received from certain people, including an inmate's attorneys. The regulation does not specify that the correspondence must be sent or received in a particular way, only that it be clearly

4

marked as "privileged." 28 C.F.R. § 540.18. Email, particularly in the 21st century, has effectively replaced U.S. Postal Service mail for most communications, and this Court should not treat it differently than traditional mail. *See City of Ontario v. Quon,* --- U.S. ---, 130 S.Ct. 2619, 1631 (2010); *United States v. Warshak,* 631 F.3d 266, 285-86 (6th Cir. 2010) ("it would defy common sense to afford emails lesser Fourth Amendment protection" than traditional mail). To the extent that BOP's policy is that it may freely give an inmate's emails to whomever should ask for them, that policy is contrary to both the law of the Eleventh Circuit, *see Al-Amin,* 511 F.3d at 1331, and the Code of Federal Regulations.

## II. Assertion of an "Advice of Counsel" Defense Does Not Completely Waive the Attorney-Client Privilege.

The FTC argues that the Contempt Defendants have waived their attorney-client privilege with respect to communications "related to their compliance with the final judgment" by relying on an "advice of counsel" defense, citing to *Cox v. Administrator United States Steel & Carnegie,* 17 F.3d 1386, 1419 (11th Cir. 1994). (Doc. 353-1 at 7-8.) Because the FTC has obtained the correspondence in question in blatant disregard of the law, the Court should not even consider its argument that the Contempt Defendants have implicitly waived their rights to keep the emails confidential.

In any event, the FTC's argument is much too broad. It is well-settled that a litigant waives the attorney-client privilege by putting the attorney's performance at issue in litigation. *See, e.g., Hunt v. Blackburn,* 128 U.S. 464, 470-71, 9 S.Ct. 125, 127 (1888). The same fairness principle that dictates waiver, however, also dictates that the waiver is not to all materials categorically. *See Cox,* 17 F.3d at 1417-18; *Bittaker v. Woodford,* 331 F.3d 715, 720 (9th Cir. 2003) (en banc). Instead, "the court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *Id.; see Kerr v. U.S. Dist. Court,* 426 U.S. 394, 405, 96 S.Ct. 2119, 2125 (1976).

In this case, the Contempt Defendants relied on the advice of only one attorney as to whether the advertisements complied with the Court's original Order: Ed Novotny. (*See* Exhibit 1, Declaration of Ed Novotny.) Thus, the FTC is entitled to communications in the Defendants' possession to and from Mr. Novotny regarding whether the advertisements complied with the Order. It is not entitled to communications it has obtained illegally, nor is it entitled to all attorney-client privileged communications.

### III. The Motion to Show Cause Should Be Dismissed or the FTC Trial Team Should Be Disqualified.

In its reply in support of its motion to show cause and in its motion for the Court to determine whether Defendant Wheat waived his privilege, the FTC freely admits that it read all the emails that it received from BOP. It did not contact

6

Defendant Wheat's counsel and ask them to conduct a privilege review – the preferred method of culling out privileged documents. *See, e.g., Matter of McCorkle,* 972 F.Supp. 1423, 1437 (M.D. Fla. 1997). It did not ask the Court to review the documents before it read them. *See, e.g., Smith v. Armour Pharm. Co.,* 838 F.Supp. 1573, 1578 (S.D. Fla. 1993). It did not even set up an internal FTC "taint team" to conduct that review, as is the Government's usual practice. *See, e.g., Cheney v. U.S. Dist. Court for Dist. of Columbia,* 542 U.S. 367, 399 n.5, 124 S.Ct. 2576, 2597 n.5 (2004) (Ginsberg, J., dissenting); *U.S. Attorney's Manual,* § 9-13.420. Instead it simply determined that Defendant Wheat had waived his privilege by using BOP's email system.

As explained above, Defendant Wheat did not waive the privilege in using the email system. Eleventh Circuit case law and BOP regulations specifically provide that a defendant may correspond with his attorney and that the correspondence remains privileged so long as it is clearly marked. *See Al-Amin,* 511 F.3d at 1331; 28 C.F.R. § 540.17. BOP may inspect the correspondence for contraband and to determine that is, in fact, attorney-client correspondence, *Al-Amin,* 511 F.3d at 1331; 28 C.F.R. § 540.18, but once it has established that there is no contraband and the correspondence is, indeed, attorney-client privileged, its right to monitor the correspondence ends. The emails between Defendant Wheat and his attorneys were clearly marked as "attorney-client privileged."

Violations of the attorney-client privilege are not *per se* unconstitutional, and a defendant must show prejudice, either through injury to himself or benefit to the government to prove a constitutional violation. *Weatherford v. Bursey,* 429 U.S. 545, 557-588, 97 S.Ct. 837, 844-45 (1977). The FTC has done the Contempt Defendants' job for them in this case by relying extensively on the privileged documents in its reply. The FTC's reckless disregard of Defendant Wheat's attorney-client privilege and its use of the tainted correspondence violated Wheat's Sixth Amendment right to counsel. U.S. Const., Amend. VI; *see United States v. Blasco,* 702 F.2d 1315, 1329 (11th Cir. 1983).

The Supreme Court has held that where the Government's conduct taints a proceeding, the proper approach is "to identify and then neutralize the taint by tailoring relief appropriate in the circumstances to assure the defendant the effective assistance of counsel and a fair trial." *United States v. Morrison,* 449 U.S. 361, 365, 101 S.Ct. 665, 668 (1981). In this case, the FTC's behavior has so tainted the proceeding – going on an illegal fishing expedition desperate to find something against the Contempt Defendants – that the entire proceeding should be dismissed with prejudice. *See, e.g., United States v. Levy,* 577 F.2d 200, 210 (3d Cir. 1978) (indictment dismissed where tainted information in the public domain and court could only speculate how that disclosure would affect the case).

Absent that, however, at the very least, the FTC's trial team, including its attorneys and investigators, should be disqualified from participation in this or any other proceeding involving the Contempt Defendants. *Cf. Musicus v. Westinghouse Elec. Corp.*, 621 F.2d 742, 744 (11th Cir. 1980) (a motion to disqualify counsel is an appropriate method to bring the issue of "breach of ethical duties to the attention of the court). At this point, members of the trial team have had unfettered access to privileged communications that reveal the Contempt Defendants' trial strategy and defenses. That knowledge once gained cannot be erased from their minds, and the Court could never rest secure that their actions were not affected by that knowledge. *See Levy,* 557 F.2d at 210. The prejudice to the Contempt Defendants is neither potential nor transitory, but permanent so long as the current trial team remains on the case. *Cf. Morrison,* 449 U.S. at 366, 101 S. Ct. at 669.

## CONCLUSION

For the foregoing reasons, the Contempt Defendants respectfully request that the Court suppress all emails obtained from Defendant Wheat's BOP email account and that it dismiss the FTC's motion to show cause with prejudice, or, in the alternative, disqualify all members of the FTC trial team from this or any other action involving the Contempt Defendants.

Respectfully submitted,

/s/ Arthur W. Leach
Arthur W. Leach
Georgia Bar No. 442025
5780 Windward Pkwy, Suite 225
Alpharetta, Georgia 30005
Telephone: (404) 786-6443
Email: art@arthurwleach.com

/s/ Joseph P. Schilleci, Jr.
The Schilleci Law Firm, LLC
512 Montgomery Hwy, Suite 210
Birmingham, Alabama 35216
Telephone (205) 978-4211
Email: jps@schillecilaw.com

/s/ Jack Wenik
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-5268
Email: jwenik@sillscummis.com

Attorneys for the Contempt Defendants
Hi-Tech Pharmaceuticals, Inc., Jared Wheat, and Stephen Smith

10

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that this motion was prepared in Microsoft Word using 14-point Times New Roman Font.
Respectfully submitted,

>*/s/ Arthur W. Leach*
>Arthur W. Leach
>Georgia Bar No. 442025
>5780 Windward Pkwy, Suite 225
>Alpharetta, Georgia 30005
>Telephone: (404) 786-6443
>Email: art@arthurwleach.com
>
>*/s/ Joseph P. Schilleci, Jr.*
>The Schilleci Law Firm, LLC
>512 Montgomery Hwy, Suite 210
>Birmingham, Alabama 35216
>Telephone (205) 978-4211
>Email: jps@schillecilaw.com
>
>*/s/ Jack Wenik*
>Sills Cummis & Gross P.C.
>One Riverfront Plaza
>Newark, New Jersey 07102
>Telephone: (973) 643-5268
>Email: jwenik@sillscummis.com
>
>Attorneys for the Contempt Defendants
>Hi-Tech Pharmaceuticals, Inc., Jared Wheat, and Stephen Smith

## **CERTIFICATE OF SERVICE**

I hereby certify that the above document was hand-delivered to the Court's chambers and sent via Federal Express to the following people on December 28, 2011.

<div style="display: flex;">

Amanda C. Basta  
Federal Trade Commission  
600 Pennsylvania Avenue, N.W.  
Mailstop M-8102B  
Washington, D.C. 20580  
(202) 326-2340  

Cindy A. Liebes  
Federal Trade Commission  
Southeast Region  
225 Peachtree Street  
Room 1500  
Atlanta, GA 30303  
(404) 656-1359  

</div>

Arthur W. Leach  
Georgia Bar No. 442025  
5780 Windward Pkwy, Suite 225  
Alpharetta, Georgia 30005  
Telephone: (404) 786-6443  
Email: art@arthurwleach.com