UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 1:04-CV-3294-CAP |
| NATIONAL UROLOGICAL GROUP, INC., et al., | |
| Defendants. | |

**O R D E R**

This matter is before the court on the Federal Trade Commission's (FTC) motion to temporarily seal and for court determination of waiver of contempt defendants' attorney-client privilege [Doc. No. 353], and the contempt defendants' cross motion to dismiss the charges or disqualify the FTC trial team [Doc. No. 357].

The FTC's motion asks the court to temporarily seal its reply brief in support of its motion for show cause order [Doc. No. 332] until the court can determine whether the contempt defendants waived the attorney-client privilege. The briefing on the waiver issue is now complete, so the court will rule on that issue; the question of whether a "temporary" seal is necessary is thus moot.

The FTC argues that the defendants waived the attorney-client privilege in two respects. First, defendant Jared Wheat waived his privilege by communicating with his attorney using a prison-monitored email system, the Trust Fund Limited Inmate Computer System (TRULINCS). Essentially, TRULINCS requires prisoners using

the system to consent to monitoring and warns that communications with attorneys are not privileged. Second, the contempt defendants waived the privilege as to communications related to compliance with this court's final judgment order [Doc. No. 230] by asserting a reliance of counsel defense in their opposition to the motion for show cause.

The defendants responses to the FTC's motions are not convincing. Regarding the waiver by use of TRULINCS, the defendants argue the emails were illegally seized in violation of the Stored Communications Act, 18 U.S.C. §§ 2701-2712, and Wheat's constitutional rights. However, the SCA does not apply to the prison's email system because the disclosure was not "required" under § 2703(a) and because it neither provides an electronic communication service to the "public" nor were Wheat's emails in "electronic storage," under § 2702(a). <u>See also</u> FTC's Opp'n to Cross-Mot. 3-9 [Doc. No. 360] (citing cases supporting this conclusion). Further, Wheat's constitutional rights were not violated because he consented to the monitoring and thus had no reasonable expectation of privacy, and because the Sixth Amendment does not apply in a civil contempt proceeding. <u>See also</u> <u>id.</u> at 10-16.

As to the reliance of counsel defense, the defendants argue this does not "completely" waive the attorney-client privilege, but

at most waives it with the single attorney they consulted regarding compliance with the judgment. But "[o]nce a party waives the attorney-client privilege as to a communication, the waiver generally 'extends to all other communications relating to the same subject matter.'" Mohawk Indus., Inc. v. Interface, Inc., No. 4:07-CV-0212-HLM, 2008 WL 5210386, at *7 (N.D. Ga. Sept. 29, 2008).

Accordingly, the court finds that the contempt defendants waived their attorney-client privilege in connection with (1) Jared Wheat's out-going and in-coming emails that the Federal Correctional Institution in Jesup, Georgia, monitored during the time he was incarcerated and (2) attorney-client communications and other documents that contain or relate to advice that counsel gave them about the compliance of their advertising with the final judgment and the FTC Act.

The motion for a court determination of waiver of attorney-client privilege [Doc. No. 353] is GRANTED and the defendants' cross motion to dismiss or disqualify the FTC team trial team [Doc. No. 357] is DENIED. The clerk is DIRECTED to docket (unsealed) the plaintiff's reply in support of its motion [Doc. No. 332] for a show cause order.

SO ORDERED, this 20th day of January, 2012.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge