UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

_____
FEDERAL TRADE COMMISSION,   )
                            )
            Plaintiff,      )
                            )
                            )
      v.                    )
                            )
NATIONAL UROLOGICAL GROUP, INC., *et al.*, )
                            )    1:04-CV-3294-CAP
            Defendants.     )
                            )
_____)

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION

Contempt Defendants have provided no basis for reconsideration. Instead, they simply restate their argument – made both during and after the January 2014 sanctions hearing – that the Court did not find the term "thermogenic" to violate the Hi-Tech Order.[1] *See* Dkt. No. 657 at 4-5. Specifically, at trial, Contempt Defendant Wheat testified that he selected the claim "thermogenic intensifier" for the revised Fastin labels because "it was one

---

[1] "Hi-Tech Order" refers to the Final and Permanent Injunction Against National Urological Group, Inc., Jared Wheat, Thomasz Holda, and Stephen Smith (Dkt. No. 230).

in which [sic] the Court found was not in violation of the Order." *See* 1/22/14 Trial Tr. at 92:1-5.  Moreover, in their post-trial correspondence with the Court detailing what measures they had allegedly taken to remove violative claims from retail product packaging, Contempt Defendants again argued that the Court's August 8, 2013, Order did not encompass the term "thermogenic."  *See* Exhibit 1 ("New labels have been created for all four products based on the language you found to be not contumacious in your order of August 8, 2013.").  Accordingly, the Court fully considered – and rejected – this argument in ruling on the scope of the recall.  Because Contempt Defendants merely "repackage familiar arguments to test whether the court will change its mind," they have not offered an appropriate basis for reconsideration and their motion should be denied.  *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); *see also* Dkt. No. 422 at 2, 10 ("[A] motion for reconsideration is an inappropriate vehicle to . . . try to 'show the court how it could have done better.'") (quoting *Romala Stone v. Home Depot USA, Inc.*, 2009 WL 1405058, at *2 (N.D. Ga. May 18, 2009)).

Moreover, even if Contempt Defendants' argument did not retread old ground, the Court has committed no clear error of fact.  Indeed, Contempt Defendants' admission that they "attempted to define 'thermogenic' as the burning of stored body fat," *see* Dkt. No. 657 at 5 n.2, is dispositive.  It is well-

established that the fact an advertiser intended to make a claim is "powerful evidence" that consumers understood the claim in the manner in which it was intended.  *See In re Telebrands Corp.*, 140 F.T.C. 278, 304 (2005); *see also In re POM Wonderful*, 2013 WL 268926, at *29 (F.T.C. Jan. 16, 2013); *In re Novartis Corp.*, 127 F.T.C. 580, 683 (1999), *aff'd* 223 F.3d 783 (D.C. Cir. 2000).

Having inundated consumers with the message that "thermogenic" means "the burning of stored body fat," Contempt Defendants cannot escape the net impression of that claim.  *Cf. Telebrands*, 140 F.T.C. at 326 (discussing ramifications where defendants "took pains to evoke in their own advertising . . . claims that [they] knew were unsubstantiated" that appeared in "other heavily disseminated advertising").  Moreover, Contempt Defendants reinforce to consumers that "thermogenic" means "the burning of stored body fat" by continuing to make claims such as "The Ultimate Thermogenic & Fat Loss Agent Developed to Melt Fat!", "Thermogenic Fat Loss", and "Extreme Thermogenic Action Developed to Eviscerate Fat!" for their other weight-loss products.  *See* Exhibit 2 at 1-3 (labels for Stimerex Hardcore, Raspberry Ketones, and Lipodrene Hardcore).[2]  Thus, the Court made no error in determining that claims

---

[2] Notably, Contempt Defendants make these claims without possessing double-blind, placebo-controlled studies of the products or their exact duplicates.  *See*
(continued...)

3

containing the words "thermogenic" or "thermogenesis" continue to violate the Hi-Tech Order and that Fastin, Lipodrene, Benzedrine, and Stimerex-ES packaging bearing such claims must be recalled. Accordingly, Contempt Defendants' motion should be denied.

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(D)

Pursuant to Local Rule 7.1(D), I hereby certify that this motion was prepared in Microsoft Word 2010 using 13-point Book Antiqua font.

/s/ Amanda C. Basta
Amanda C. Basta

Dated: June 12, 2014

Respectfully submitted,

/s/ Amanda C. Basta
AMANDA C. BASTA
abasta@ftc.gov
AMANDA B. KOSTNER
akostner@ftc.gov
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Mailstop CC-9528
Washington, D.C.  20580
Tel.:   (202) 326-2340 (Basta)
         (202) 326-2880 (Kostner)
Fax:   (202) 326-3197

/s/ Cindy A. Liebes
Cindy A. Liebes (Bar No. 451976)
FEDERAL TRADE COMMISSION
SOUTHEAST REGION
225 Peachtree Street, Room 1500
Atlanta, GA 30303
Tel.:   (404) 656-1359
Fax:   (404) 656-1379
Attorneys for the Plaintiff

---

Exhibit 3 at 9-10 (Apr. 24, 2014 demand letter response identifying *only* studies of Fastin-RR and Fastin-XR).

4