IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:04-CV-3294-CAP |
| | ) | |
| NATIONAL UROLOGICAL GROUP, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

### REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL RELIEF FROM THE COURT'S DECEMBER 18, 2008 FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(5)

Defendants Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech"), and Jared Wheat (collectively, "Defendants"), by and through undersigned counsel, submit this reply memorandum of law in support of their motion for partial relief from the Court's December 18, 2008 Final Judgment and Permanent Injunction (Doc. 230) (the "Judgment") pursuant to Federal Rule of Civil Procedure 60(b)(5). Rule 60(b)(5) provides for relief on "just terms" when "a judgment has been satisfied." As demonstrated below, and in the accompanying Declaration of Jared Wheat,[1] as

---

[1] Defendants' inadvertently filed an incorrect version of the Declaration of Jack Wenik in support of their initial moving memorandum of law. The correct copy of

of the date of this motion, the Federal Trade Commission ("FTC") has seized or garnished funds in excess of the Judgment amount plus any accrued interest. Accordingly, all garnishment activity by the FTC related to this judgment should cease, any pending *lis pendens* against Defendants' real property related to this judgment should be released, any liens against Defendants' funds and personal property related to this judgment should be lifted, and the FTC ordered to submit an accounting and satisfaction of the judgment to the Court.

The Judgment (Doc. 230) originally ordered Defendants to pay $15,882,436.00 to the FTC. The FTC's opposition to this motion contends that "there still remains $257,138.69 to collect on the judgment." FTC Opp'n Br. 3 (Doc. 655). That calculation, however, fails to take into account $415,591.05 that was frozen by Santander Bank, N.A., pursuant to a writ of garnishment issued on February 11, 2014. *See* Doc. 616. Although no answer to the writ of garnishment has been filed by Santander, Defendants have attached proof such funds were frozen. *See* Ex. A to Declaration of Jared Wheat. As such, the Court can readily conclude that the FTC has garnished funds in excess of the judgment and any further garnishment activities must be ceased pursuant to Rule 60(b)(5).

---

the declaration that was initially supposed to have been filed has been filed along with this memorandum of law. We apologize for any confusion this may have caused the Court or the FTC.

The FTC's argument that it should be entitled to continue to garnish funds until disbursements occur is wrong and belied by both the facts and common sense. *See* FTC Opp'n 2-3. During the pendency of this case, the Court has issued thirty-five (35) writs of continuing garnishment at the request of the FTC. *See* Docs. 272-275, 285-287, 299, 312-313, 325, 391, 423-424, 451-452, 497, 505-507, 517, 545-547, 554, 560, 578, 584-585, 598, 616, 640, 643-644, and 647. As the FTC is well aware, not a single one of the banks that has been issued a writ has failed to first garnish and then eventually disburse the requested funds. For example, two additional final disposition orders in garnishment were recently issued by the Court. *See* Docs. 665-666. It is a foregone conclusion that all of the other garnished monies will eventually be disbursed to the FTC. As such, no further garnishments are required because the FTC has already effectively satisfied the judgment.

Moreover, the FTC's continuing garnishment activities make it nearly impossible for Defendants to operate Hi-Tech and work toward satisfying the Court's most recent judgment. *See* Doc. 650. The FTC has garnished sums in excess of the original judgment. Any further activity seeking to satisfy that judgment is improper, and Defendants are entitled to relief pursuant to Rule 60(b)(5).

## **CONCLUSION**

For the forgoing reasons, the Defendants respectfully request the entry of an order relieving/and or modifying the financial terms of the Judgment issued by the Court on December 16, 2008.

Respectfully submitted this 16th day of June, 2014.

        s/ Jack Wenik
        Sills Cummis & Gross P.C.
        One Riverfront Plaza
        Newark, New Jersey 07102
        Telephone: (973) 643-5268
        Email: jwenik@sillscummis.com

        s/ E. Vaughn Dunnigan
        Georgia Bar No. 234350
        E. Vaughn Dunnigan, P.C.
        2897 N. Druid Hills Road, Suite 142
        Atlanta, GA 30329
        Telephone: (404) 982-7796
        Email: evdunnigan@hotmail.com

        s/ Arthur W. Leach
        Georgia Bar No. 442025
        5780 Windward Parkway, Suite 225
        Alpharetta, Georgia 30005
        Telephone: (404) 786-6443
        E-mail: art@arthurleach.com
        *Attorneys for the Contempt*
        *Defendants*
        *Jared Wheat and Hi-Tech*
        *Pharmaceuticals, Inc.*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(D)

Pursuant to Local Rules 5.1(C) and 7.1(D), I hereby certify that this memorandum and related motion papers were prepared in Microsoft Word using 14-point Times New Roman font.

## CERTIFICATE OF SERVICE

I hereby certify that the above document and related papers were electronically filed using the CM/ECF system and was served upon all following counsel of record via electronic mail on this the 16th day of June, 2014.

s/ E. Vaughn Dunnigan<br>
Georgia Bar No. 234350