UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| NATIONAL UROLOGICAL GROUP, INC., *et al.* | ) ) | 1:04-CV-3294-CAP |
| Defendants. | ) ) | |

**JOINT NOTICE TO COURT REGARDING SCHEDULE FOR COMPLETION OF CONTEMPT PROCEEDINGS**

On August 5, 2015, pursuant to this Court's July 28, 2015 order (Dkt. No. 821), the undersigned parties met and conferred regarding the proceedings necessary to resolve the contempt actions against Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech"), Jared Wheat, Stephen Smith, and Dr. Terrill Mark Wright (collectively, "Contempt Defendants"). During that meet-and-confer discussion, and in subsequent discussions taking place on August 11, 2015, and August 12, 2015, the parties agreed to the following:

**I.     TO RESOLVE THE FTC'S ALLEGATIONS THAT HI-TECH, WHEAT AND SMITH VIOLATED SECTIONS II AND VII OF THE HI-TECH ORDER AND THAT DR. WRIGHT VIOLATED SECTION II OF THE WRIGHT ORDER:**

The parties propose that the Court enter the following schedule for discovery to facilitate the resolution of the FTC's allegations that Hi-Tech, Wheat, and Smith violated Sections II and VII of the Hi-Tech Order and that Dr. Wright violated Section II of the Wright Order:

- **October 9, 2015** – FTC serves Contempt Defendants with expert report(s) and disclosure(s) pursuant to Rule 26 of the Federal Rules of Civil Procedure.

- **December 11, 2015** – Contempt Defendants serve FTC with expert report(s) and disclosure(s), including reports and disclosures of rebuttal experts, pursuant to Rule 26 of the Federal Rules of Civil Procedure.

- **February 12, 2016** – FTC serves Contempt Defendants with rebuttal expert report(s) and disclosure(s) pursuant to Rule 26 of the Federal Rules of Civil Procedure, if any.

- **April 29, 2016** – Close of fact and expert discovery.  The parties reserve the right to file motions to compel or object to discovery as they deem appropriate.

- **May 2016** – Pre-trial conference at Court's convenience to set hearing date.

## II. DISCOVERY RELATING TO THE FTC'S ALLEGATIONS THAT HI-TECH, WHEAT AND SMITH VIOLATED SECTIONS II AND VII OF THE HI-TECH ORDER AND THAT DR. WRIGHT VIOLATED SECTION II OF THE WRIGHT ORDER:

(a) Each party may serve interrogatories, requests for admission, and requests for production as authorized by the Federal Rules of Civil Procedure and N.D. Ga. Local Rules.

(b) Depositions shall be completed on or before the Close of Discovery, as set forth above, unless such period is extended by order of the Court or written consent of the parties.

## III. TO RESOLVE THE FTC'S ALLEGATIONS THAT HI-TECH, WHEAT, AND SMITH VIOLATED SECTION VI OF THE HI-TECH ORDER.

As soon as practicable, the FTC intends to submit a motion to reinstate the Court's contempt finding relating to Section VI of the Hi-Tech Order regarding product warnings, and to impose a compensatory sanction relating specifically to that violation. The parties anticipate briefing on motions to be completed in the ordinary course pursuant to the local rules of procedure and do not expect that the pendency of motions will impact the schedule for discovery relating to Contempt Defendants' alleged violations of Sections II and VII of the Hi-Tech Order and Section II of the Wright Order as outlined above.

## IV. MOTION PRACTICE

The parties may engage in motion practice such as follows:

**Dispositive Motions.**  The parties may file a motion for summary judgment, in whole or in part, no later than 30 days after the Close of Discovery. The parties will file their responses and replies within the time periods set forth in L.R. 7.1.

**Motions to Exclude Expert Testimony.**  All motions to exclude expert testimony – including motions pursuant to *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993), and its progeny and Federal Rules of Evidence 702 and 703 – will be filed no later than 30 days after the Close of Discovery.

**Consolidated Pretrial Order.**  The parties will submit a consolidated pretrial order no later than the expiration of 45 days after the Close of Discovery or entry of the Court's ruling on any pending motions for summary judgment, whichever occurs later.

**Discovery Disputes.**  Prior to the filing of any motion seeking resolution of a discovery dispute, counsel for the moving party will confer with opposing counsel in a good faith effort to resolve disputed issues.  If counsel files such a motion, counsel will also file a statement certifying that such conference has occurred and that such effort failed.

4

**Motions to Compel Discovery.** All motions for a protective order or to compel discovery will be filed no later than 14 days after the date for responding to the discovery requests(s) upon which the motion is based. In the event the parties agree to an extension of time for a response to a discovery request, the 14-day deadline will run from the date of the agreed-upon extension.

**Extension of Deadlines.** Any deadline contained in this Proposed Discovery Plan may be extended by the written consent of the parties or upon written order of the Court, for good cause shown.

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that the foregoing document has been prepared with one of the font and point selections (Book Antiqua, 13 point) approved by the court in local rule 5.1(C) and 7.1(D).

Dated:  August 12, 2015

Respectfully submitted,

/s/ Amanda C. Basta
Amanda C. Basta
Amanda B. Kostner
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW,
Stop CC-9528
Washington, D.C. 20580
Tel.:   (202) 326-2340 (Basta)
          (202) 326-2880 (Kostner)
Fax: (202) 326-3197
Email: abasta@ftc.gov (Basta);
          akostner@ftc.gov (Kostner)

/s/ Cindy A. Liebes
Cindy A. Liebes (Bar No. 451976)
FEDERAL TRADE COMMISSION
SOUTHEAST REGION
225 Peachtree Street, Room 1500
Atlanta, GA 30303
Tel.:   (404) 656-1359
Attorneys for the Plaintiff

/s/ Jack Wenik
Jack Wenik
Epstein, Becker & Green, PC
One Gateway Center
Newark, New Jersey 07102
Email: jwenik@ebglaw.com

/s/ E. Vaughn Dunnigan
E. Vaughn Dunnigan
Georgia Bar No. 234350
2897 N. Druid Hills Rd., Ste. 142
Atlanta, GA 30329-3924
Telephone:  (404) 982-7796
Email: evdunnigan@hotmail.com

/s/ Arthur W. Leach
Arthur W. Leach
Georgia Bar No. 442025
5780 Windward Parkway, Suite 225
Alpharetta, Georgia  30005
Telephone:  (404) 786-6443
Email: art@arthurwleach.com
Counsel for Contempt Defendants
Hi-Tech Pharmaceuticals, Inc. and
Jared Wheat

/s/ Steve Murrin
Steve Murrin Georgia Bar No. 532425
Murrin Wallace and Assoc.
1875 Old Alabama Rd.  Suite 230
Roswell, GA 30005
Telephone: (404) 221-0777
Email: smurrin@murrinandwallace.com
Counsel for Stephen Smith

/s/ Bruce S. Harvey
Bruce S. Harvey, Esq.
Georgia Bar No. 335175
Office of Bruce S. Harvey
146 Nassau Street, NW
Atlanta, GA  30303
Counsel for Contempt Defendant
Terrill Mark Wright, M.D.