FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB **0 5** 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NATIONAL UROLOGICAL GROUP, INC., et al., ) | 1:04-CV-3294-CAP |
| ) | |
| Defendants, ) | |
| ) | |
| And ) | |
| ) | |
| TRUIST BANK, ) | |
| ) | |
| Garnishee. ) | |
| ) | |

## **APPLICATION FOR WRIT OF CONTINUING GARNISHMENT**

The Federal Trade Commission, an independent agency of the United

States government, applies in accordance with 28 U.S.C. § 3205(b)(1) to the Clerk

of Court for the Northern District of Georgia to issue a Writ of Continuing

Garnishment upon the judgment entered against the defendant Jared Wheat,

(hereafter referred to as "the Judgment debtor"), whose last known address is:

10304 Papillon Trace

1

Alpharetta, GA 30022

1.      A judgment in the amount of $40,000,950 plus costs and post-judgment interest at the rate of 1.42% per annum, was entered, jointly and severally, against the Judgment debtor, Hi-Tech Pharmaceuticals, Inc., and Stephen Smith on or about October 31, 2017 (Dkt. No. 969).  The judgment balance as of January 14, 2020 is $39,929,522.07.

2.      The Federal Trade Commission demanded payment of the judgment debt from the Judgment debtor not less than 30 days before the date of this application, and the Judgment debtor has failed to satisfy the debt.

3.      Based on the information in its possession, the Federal Trade Commission believes that the Garnishee has money, accounts, funds or property of the Judgment debtor in its possession, custody or control, and said property is a nonexempt interest of the Judgment debtor subject to garnishment.

The name and address of the garnishee is:

Truist Bank
214 N. Tryon Street
Charlotte, NC, 28202

WHEREFORE, the Federal Trade Commission requests that the clerk issue a Writ of Continuing Garnishment to the garnishee.

2

Dated this 4th day of February, 2020.

                                       Respectfully submitted,

                                         CRYSTAL D. OSTRUM
                                         ATTORNEY

                                         CRYSTAL D. OSTRUM
                                       costrum@ftc.gov
                                       FEDERAL TRADE COMMISSION
                                       600 Pennsylvania Avenue, NW
                                       Mailstop CC-9528
                                       Washington, DC  20580
                                       Tel.:    (202) 326-3405
                                       Fax:    (202) 326-3197

3

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NATIONAL UROLOGICAL GROUP, INC., et al., ) | |
| ) | 1:04-CV-3294-CAP |
| Defendants, ) | |
| ) | |
| And ) | |
| ) | |
| TRUIST BANK, ) | |
| ) | |
| Garnishee. ) | |
| ) | |

## WRIT OF CONTINUING GARNISHMENT

TO:   Truist Bank
      214 N. Tryon Street
      Charlotte, NC, 28202

The Federal Trade Commission has filed an Application for Writ of

Continuing Garnishment against the property of Jared Wheat, (hereafter referred

to as "the Judgment debtor") in accordance with 28 U.S.C. § 3205.

1

1.     A judgment has been entered, jointly and severally, against the Judgment debtor, Hi-Tech Pharmaceuticals, Inc., and Stephen Smith in the amount of $40,000,950 plus interest at the rate of 1.42%, per annum with a balance of $39,929,522.07 as of January 14, 2020.

2.     You are hereby required to withhold and retain pending further order, any property, funds, accounts, monies, stock, or earnings of the Judgment debtor.

3.     You are further required by law to answer in writing, under oath, within ten (10) days after receipt of the Writ, providing the following information:  (1) Whether you have  any property owned by or due to the Judgment debtor, including funds, accounts, monies, stock, or earnings in your custody, control or possession; (2) A description of the property and the value of the property; (3) A description of any previous garnishment to which such property is subject and the extent to which any remaining property is not exempt; (4) The amount you are holding, owe, or anticipate owing to the Judgment debtor.

4.    You must, within ten (10) days of your receipt of this Writ, file the original written answer to this Writ with the Clerk of Court for the Northern District of

2

Georgia at 2211 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303.  Additionally, you are required by law to serve a copy of your answer upon the Judgment debtor, Jared Wheat, 10304 Papillon Trace Alpharetta, GA 30022, and upon Crystal D. Ostrum, Federal Trade Commission, 600 Pennsylvania Avenue, NW, Mailstop CC-9528, Washington, DC 20580.

5.      Under the law, there is property, which may be exempt from garnishment.  Property which the court may rule exempt, upon issuance of the Disposition Order or an Agreed Garnishment, is listed on the attached Exemption Claim Form directed to the Judgment debtor.

6.      If you fail to answer this Writ or withhold property in accordance with this Writ, the Federal Trade Commission may petition the Court for an order requiring you to appear before the Court.

7.      If you fail to appear or do appear and fail to show good cause why you failed to comply with this Writ, the Court may enter a judgment against you for the value of the Judgment debtor's non-exempt property.  It is unlawful to pay or deliver to the Judgment debtor any item attached by this Writ.

3

8.    The Court may also award a reasonable attorney's fee against you if the

Writ is not answered within the time specified and if the Federal Trade

Commission files a petition requiring you to appear.

Date:____**FEB 0 5 2020**____

                                    JAMES N. HATTEN
                                    CLERK OF COURT

                                    NORTHERN DISTRICT OF GEORGIA

                                    By_____
                                    DEPUTY CLERK

4

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NATIONAL UROLOGICAL GROUP, INC., et al., ) | |
| ) | 1:04-CV-3294-CAP |
| Defendants, ) | |
| ) | |
| And ) | |
| ) | |
| TRUIST BANK, ) | |
| ) | |
| Garnishee. ) | |
| ) | |

## CLERK'S NOTICE OF POST-JUDGMENT GARNISHMENT AND
## INSTRUCTIONS TO DEFENDANT-JUDGMENT DEBTOR

You are hereby notified that property in the possession, custody or control

of the garnishee including any and all funds, accounts, monies, stock, or earnings

of Jared Wheat, (hereafter referred to as "the Judgment debtor") is being taken by

the Federal Trade Commission which has a court judgment in Civil Action No.

1:04-CV-3294-CAP, the United States District Court, Northern District of Georgia,

1

in the sum of $40,000,950.  A judgment balance of $39,929,522.07 remains outstanding as of January 14, 2020.

In addition, you are hereby notified that there are exemptions under the law, which may apply if you, the Judgment debtor, can demonstrate to the Court that they apply.  The attached Notice to Judgment Debtor Regarding Exemptions and Exemption Claim Form summarize the major exemptions.

You have a right to ask the Court to return your property to you if you think you do not owe the money, or that an exemption applies.

If you want a hearing, you must file your objection[s] within twenty (20) days of receipt of the Writ or within twenty (20) days of receipt of the answer of the garnishee. You must file your objection[s] with the Clerk of Court for the Northern District of Georgia at 2211 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303 and reference Civil Action No. 1:04-CV-3294-CAP. You must also send a copy of your objection[s] and Request for Hearing to Crystal D. Ostrum, Federal Trade Commission, 600 Pennsylvania Avenue, NW, Mailstop CC-9528, Washington, DC 20580.

If you wish, you may use the Request for Hearing Form and the Exemption Claim Form and follow the instructions contained in the Notice to

2

Judgment Debtor Regarding Exemptions. The hearing will take place when scheduled by the Court in accordance with 28 U.S.C. § 3205(c)(5).

You should explain to the judge why you believe that the taken property is exempt or why you think you do not owe a debt to the Federal Trade Commission; however, please note that the issues to be decided in this action will be limited: (1) To the validity of any claim for exemption; (2) to compliance with any statutory requirements for the issuance of the Writ; and (3) Only if the judgment is by default and only to the extent that the Constitution or any other law of the United States provides a right to review, to: (a) The probable validity of the claim for the judgment debt; and (b) the existence of good cause for setting aside such judgment. The burden is on you to prove the grounds in support of your objection[s] and right to a hearing.

If you live outside the federal judicial district from which the Writ issued, you may request, not later than twenty (20) days after you receive this notice, that this proceeding be transferred by the Court to the federal judicial district in which you reside. You must make your request in writing and deliver it to the Clerk of the Court for the Northern District of Georgia at Northern District of Georgia, 2211 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA

3

30303. You must also send a copy of your request to Crystal D. Ostrum, Federal Trade Commission, 600 Pennsylvania Avenue, NW, Mailstop CC-9528, Washington, DC 20580.

Be sure to keep a copy of this packet for your own records. If you have any questions about your rights or about this procedure, you should contact a lawyer or an office of public legal assistance. The Clerk is not permitted to give legal advice, but may be able to refer you to other sources of information.

Date: **FEB 0 5 2020**

JAMES N. HATTEN
CLERK OF COURT
NORTHERN DISTRICT OF GEORGIA

By _____
DEPUTY CLERK

4

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONAL UROLOGICAL GROUP, INC., et al., | ) |
| | ) 1:04-CV-3294-CAP |
| Defendants, | ) |
| | ) |
| And | ) |
| | ) |
| TRUIST BANK, | ) |
| | ) |
| Garnishee. | ) |
| | ) |

## REQUEST FOR HEARING

☐   I hereby request a court hearing.  Notice of the hearing should be mailed to
me at:_____
(Address)

_____

My objection and/or other reason[s] for seeking a hearing is the
following:_____

_____

1

Date:_____

_____
Signature of Judgment Debtor

_____
Judgment Debtor's Printed Name


_____
Judgment Debtor's Address

_____
Judgment Debtor's Telephone No.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL UROLOGICAL GROUP, INC., et al., | ) | |
| | ) | 1:04-CV-3294-CAP |
| Defendants, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| TRUIST BANK, | ) | |
| | ) | |
| Garnishee. | ) | |

## NOTICE TO JUDGMENT DEBTOR
## REGARDING EXEMPTIONS

The attached post-judgment process has been issued at the request of the

Federal Trade Commission.

The law provides that certain property is exempt and cannot be taken.

This Notice lists the applicable exemptions. There is no exemption solely

because you are having difficulty paying your debts.

1

If you claim an exemption, you should (1) fill out the Request for Hearing Form and the Exemption Claim Form and (2) deliver the form to the Clerk of Court for the Northern District of Georgia at Northern District of Georgia, 2211 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303. You must also send a copy of your request to Crystal D. Ostrum, Federal Trade Commission, 600 Pennsylvania Avenue, NW, Mailstop CC-9528, Washington, DC 20580. If you request a hearing, you should come to court ready to explain why your property is exempt, and you should bring any documents which may help you prove your case. If you do not come to court at the designated time and prove that your property is exempt, you may lose some of your rights. It may be helpful to you to seek the advice of an attorney in this matter.

2

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONAL UROLOGICAL GROUP, INC., et al., | ) |
| | )     1:04-CV-3294-CAP |
| Defendants, | ) |
| | ) |
| And | ) |
| | ) |
| TRUIST BANK, | ) |
| | ) |
| Garnishee. | ) |
| | ) |

**EXEMPTION CLAIM FORM**

You may claim certain property as exempt. You have to choose between

two exemptions schemes. 28 U.S.C. § 3014(a). You may not choose both schemes,

and you may not pick and choose between them.

Please note that the descriptions below are summaries of complicated

statutes. Also, the list provided includes important exemption claims, but may

not include exemptions applicable in unusual situations or to your case.  You

3

should refer to applicable law for complete descriptions of the provisions set out

below and for other laws that may apply in your situation.

**First Scheme:  Federal Bankruptcy Law Exemptions 11 U.S.C. § 522(d):**

(a) $25,150 of equity in your residence.
11 U.S.C. § 522(d)(1).                                                    $_____

(b) $4,000 of equity in a motor vehicle.
11 U.S.C. § 522(d)(2).                                                    $_____

(c) $13,400 in personal property, household furnishings
and apparel, but no single item can have a value
greater than $625. 11 U.S.C. § 522(d)(3).                                 $_____

(d) Jewelry worth up to $1,700.  11 U.S.C. § 522(d)(4).                   $_____

(e) Property totaling up to $1,325 in value, plus up to
$12,575 of any unused amount of the exemption
provided in (a), above. 11 U.S.C. § 522(d)(5).                            $_____

(f) $2,525 of equity in professional books, implements,
or tools of your trade or your dependent's trade.
11 U.S.C. § 522(d)(6).                                                    $_____

(g) Any unmatured life insurance contract owned, other
than credit life insurance. 11 U.S.C. § 522(d)(7).                        $_____

(h) The aggregate value, up to $13,400, of any accrued
dividend or interest under, or loan value of, any

2

unmatured life insurance contract you own, but only
if you are the insured or you are a dependent of the
insured. 11 U.S.C. § 522(d)(8).                                    $_____

(i) Professionally prescribed health aids for you or your
dependents. 11 U.S.C. § 522(d)(9).                                 $_____

(j) Your right to receive:
    (1) a social security benefit, unemployment
    compensation, or a local public assistance benefit;
    (2) a veteran's benefit;
    (3) a disability, illness, or unemployment benefit;
    (4) alimony, support, or separate maintenance to the
    extent reasonably necessary for the support of the
    debtor and any dependent of the debtor;
    (5) a payment under a stock bonus, pension,
    profitsharing, annuity, or similar plan or contract
    on account of illness, disability, death, age, or
    length of service, to the extent reasonably
    necessary for the support of the debtor and the
    debtor's dependents unless certain exceptions
    apply.  11 U.S.C. § 522(d)(10).                               $_____

(k) Your right to receive, or property that is traceable to:
    (1) an award under a crime victim's reparation law;
    (2) a payment on account of the wrongful death of a
    person you were dependent on;
    (3) a payment from a life insurance policy for
    someone you were dependent on;
    (4) a payment not to exceed $25,150 for
    personal injury suffered by you or someone you

3

were dependent on;
(5) a payment in compensation for lost earnings by
the debtor or someone the debtor is dependent on.
11 U.S.C. § 522(d)(11).                                              $ _____

(l) Retirement funds to the extent they are exempt
under certain sections of the Internal Revenue
Code. 11 U.S.C. § 522(d)(12).                                        $ _____

## Second Scheme: Combination of Federal and State Exemptions

You may choose from both Federal (Part I) and State (Part II) exemptions in

this scheme, *see* 28 U.S.C. § 3014(a)(2).

Part I: Federal Law Exemptions:

(a) Veterans' benefits. 38 U.S.C. § 3101.                            $ _____

(b) Social Security benefits and Supplemental Security
income. 42 U.S.C. § 407.

(c) Members of armed services. 10 U.S.C. § 1440,
38 U.S.C. § 562.                                                     $ _____

(d) Federal civil service retirement benefits. 5 U.S.C. §
8346 and 22 U.S.C. § 4060(c).                                        $ _____

(e) Annuities to survivors of federal judges. 28 U.S.C. §
376(n).                                                              $ _____

(f) Longshoremen and Harborworkers Compensation
Act. 33 U.S.C. § 916.                                                $ _____

4

(g) Black lung benefits. 30 U.S.C. §§ 931(b)(2)(F) and
932(a).                                                          $_____

(h) Seaman's, master's or fisherman's wages, except for
child support or spousal support and maintenance. 46
U.S.C. §§ 1108-1109(a-c).
*Note: Exemptions listed under (a) through (h) above
may not be applicable in child support and alimony
cases. 42 U.S.C. § 659.*                                         $_____

(i) Railroad retirement, pension, unemployment benefits.
45 U.S.C. §§ 231(m), 352(e).                                     $_____

(j) Compensation for war risk hazard. 42 U.S.C. § 1717.          $_____

Part II: State Law Exemptions:

(a) Alimony, Support and Separate Maintenance. Exempt
to the extent necessary for the debtor's and dependents'
support. Ga. Code Ann. § 44–13–100(a)(2)(D).                     $_____

(b) Claims for Negligence or Tortious Conduct. Debtor may
exempt compensation for wrongful death to the extent
necessary for support; loss of future earnings to the extent
necessary for support; and up to $10,000 in personal injury
payments.  Ga. Code Ann. § 44–13–100(a)(11)(B), (C), (D)
and (E).                                                         $_____

(c) Crime Victims' Compensation.
Ga. Code Ann. § 44–13–100(a)(11)(A), § 17–15–8.                  $_____

(d) Fraternal Benefit Society Benefits.
Ga. Code Ann. § 33–15–62.                                        $_____

5

(e) Homestead or Residential Property. Debtor may exempt
$21,500 [$43,000 if debtor is one of two spouses] in any
property that the debtor or a dependent uses as a residence
OR in a burial plot. Ga. Code Ann. § 44–13–100(a)(1).          $_____

(f) Insurance Benefits. Debtor may exempt unmatured life
insurance contracts other than credit life insurance and up
to $2,000 in dividends, interest or loan value of an unmatured
life insurance contract if the debtor or a dependent is the
insured; life insurance payments are exempt to the extent
necessary for the debtor's support; debtor may further exempt
up to $250 in monthly income benefits and all other proceeds
of accident and sickness policies, including group or blanket
policies and disability benefits provided under life insurance
policies. Ga. Code Ann. §§ 33–29–15, 33–30–10, and
44–13–100(a)(8) and (9).                                        $_____

(g) Motor Vehicles. Debtor may exempt up to $5,000 in all
motor vehicles. Ga. Const. art. 1, § 1, ¶ 26; Ga. Code Ann.
§ 44–13–100(a)(3).                                             $_____

(h) Pension and Retirement Benefits. Social security benefits
are completely exempt but pension and annuity payments are
only exempt to the extent necessary for the debtor's and
dependents' support; debtor's interest in an employee retirement
plan is exempt prior to distribution; moneys paid into
or out of the assets and income of an authorized health
savings account or medical savings account are exempt.
Ga. Code Ann. §§ 44–13–100(a)(2)(A), (E), (G);
47–2–332 and exemption statutes noted thereafter.             $_____

6

(i) Personal Property. Debtor may exempt $5,000 in
household goods, clothing, appliances, books, animals,
crops or musical instruments but no item worth more than
$300; professionally prescribed health aids; $500 in jewelry
and $1,200 in any item plus unused homestead exemption.
Ga. Code Ann. § 44–13–100(a)(4), (5), (6) and (10).                    $_____

(j) Public Assistance. Ga. Code Ann. §§ 44–13–100(a)(2)(A),
49–4–35,–58 and  –84.                                                   $_____

(k) Trade Implements. Exempt up to $1,500.
Ga. Code Ann. § 44–13–100(a)(7).                                       $_____

(l) Unemployment Compensation.
Ga. Code Ann. §§ 34–8–252 and 44–13–100(a)(2)(A).                      $_____

(m) Veterans' Benefits. Ga. Code Ann. § 44–13–100(a)(2)(B).  $_____

(n) Wages. Debtor may exempt the greater of 75% of his
disposable earnings for the week or 30 times the federal
minimum hourly wage per week; salaries of officials and
employees of state and its subdivisions are subject to
garnishment except when the judgment serving as basis
for the garnishment arises out of liability incurred in the
scope of government employment while responding to an
emergency.  Ga. Code Ann. §§ 18–4–20 and  –21.                         $_____

(o) Workers' Compensation. Ga. Code Ann. § 34–9–84.                    $_____

7

The statements made in this claim of exemptions and request for hearing are listed at fair market value of the property and I declare under penalty of perjury that they are true and correct.

_____

Signature of Defendant

_____

Defendant's printed or typed name

_____

Date

_____

Defendant's Address

_____

Defendant's Telephone Number

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NATIONAL UROLOGICAL GROUP, INC., et al., ) | 1:04-CV-3294-CAP |
| ) | |
| Defendants, ) | |
| ) | |
| And ) | |
| ) | |
| TRUIST BANK, ) | |
| ) | |
| Garnishee. ) | |
| ) | |

TO:   Truist Bank
      214 N. Tryon Street
      Charlotte, NC, 28202

**INSTRUCTIONS TO THE GARNISHEE**

**PLEASE READ THESE INSTRUCTIONS CAREFULLY.  THIS
GARNISHMENT IS ISSUED PURSUANT TO FEDERAL LAW AND
MAY BE DIFFERENT FROM STATE GARNISHMENTS.**

2

Attached is a Writ of Continuing Garnishment instructing you to provide

the following information, in writing, under oath, within ten (10) days of receipt

of the Writ:

(1)     Whether you have in your possession, custody or control any of the
property of the Judgment debtor, including funds, accounts, monies, stock, or
earnings of the Judgment debtor;

(2)     A description of such property and the value of the property; and

(3)     A description of any previous garnishment to which such property
        is subject and the extent to which any remaining property is not
        exempt.

You are required by law to file an Answer to the Writ within ten (10) days

of your receipt of the Writ with the Clerk of Court for the Northern District of

Georgia at Northern District of Georgia, 2211 United States Courthouse, 75 Ted

Turner Drive, SW, Atlanta, GA 30303.  You may complete the attached form

entitled "ANSWER OF THE GARNISHEE FORM" and use it as your written

answer to the Writ.

You must also serve a copy of your answer on the Judgment debtor, Jared

Wheat, 10304 Papillon Trace, Alpharetta, GA 30022, Norcross, GA 30071 and

upon Crystal D. Ostrum, Federal Trade Commission, 600 Pennsylvania Avenue,

NW, Mailstop CC-9528, Washington, DC 20580.

3

You are required to withhold and retain any property in which the

Judgment debtor has, or may in the future have a substantial non-exempt

interest, until the Court's Entry of the Final Disposition Order which will direct

you as to payment of the withheld and retained funds and will provide further

instructions as to future payments.

1.    AMOUNT GARNISHED.  All money, accounts, funds or property of
      the Judgment debtor to the extent of judgment in the amount of
      $40,000,950 plus cost and post-judgment interest at the rate of 1.42%
      per annum, since October 31, 2017 with a balance of $39,929,522.07.

2.    Mail remittances payable by check or money order **upon entry of the
      Court's Final Disposition Order in Continuing Garnishment** to:

                Clerk of Court
                Northern District of Georgia
                2211 United States Courthouse
                75 Ted Turner Drive, SW
                Atlanta, GA  30303

      Indicate on each remittance the name of the Judgment debtor, Jared

      Wheat, and the case number, 1:04-CV-3294-CAP, so that proper credit will

      be given.

3.    This is a continuing garnishment.  The garnishment can only be terminated

      by satisfaction of the full amount of the debt, a court order, or exhaustion

      of the property held by you.  This garnishment remains in effect as to any

                                    4

property, funds, accounts, monies, stock, or earnings of the Judgment

debtor that may be deposited with you or transferred to you on behalf of

the Judgment debtor at any future date until payment of the full amount of

the debt or until termination by court order.

The attached Writ or Disposition Order was obtained by the Federal Trade Commission, pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205.  If you fail to answer the Writ or fail to withhold property in accordance with the Writ, the Federal Trade Commission may petition the Court for an Order requiring you to appear before the Court to answer the Writ and to so withhold property before the appearance date.   The procedures established under 31 C.F.R. Part 212 for identifying and protecting federal benefits deposited to accounts at financial institutions DO NOT apply to this garnishment order.  The garnishee should comply with the terms of this writ and the disposition order, including instructions for withholding, retaining or turning over any funds deposited to any account(s), pending further order of the court.

If you fail to appear, or you appear and fail to show good cause why you failed to comply with the Writ, the court will enter judgment against you for the value of the Judgment debtor's nonexempt interest in such property (including nonexempt disposable earnings).

The Court may also award a reasonable attorney's fee to the Federal Trade Commission and against you if the writ is not answered within the time

6

**specified herein and if the Federal Trade Commission files a petition requiring you to appear.**

If you have any additional questions, please call Crystal D. Ostrum at telephone number 202-326-3405.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br><br>Plaintiff, )<br><br>v. )<br><br>NATIONAL UROLOGICAL GROUP, INC., et al., )<br><br>Defendants, )<br><br>And )<br><br>TRUIST BANK, )<br><br>Garnishee. ) | 1:04-CV-3294-CAP |

## ANSWER OF THE GARNISHEE FORM

I, _____ (Declarant), as the

_____ (Title of Declarant) of Garnishee,

_____ (Garnishee's official name)

BEING DULY SWORN DEPOSE AND SAY:

    1.    Choose one as applicable:

☐    GARNISHEE IS AN INDIVIDUAL

Garnishee is or was doing business in name of _____

1

☐ GARNISHEE IS A PARTNERSHIP OR TRUST.

Declarant is the _____ _____ (Title) of a partnership or

trust known as _____ which is registered in the State

of _____.

☐ GARNISHEE IS A GOVERNMENTAL ENTITY.

Declarant is the _____ _____ (title of declarant) of the

_____ _____ _____ (official name of government entity) with a

principal office located at _____ _____ _____.

☐ GARNISHEE IS A CORPORATION.

Declarant is the _____ (title of declarant) of the

_____ (corporation name), which is organized under the

laws of the State of _____ _____.

2.      The Garnishee may be contacted through the following individual,

at the following telephone number(s), and with the following identifying

information:

_____

_____   _____

_____

2

3.      On the _____ day of _____, 20___, Garnishee was served with

the Writ of Continuing Garnishment.

4.      Declarant states the following regarding the subject of the Writ:

Yes    No

___    ___      The Garnishee has custody, control or possession of the
                following property in which the Judgment debtor maintains
                an interest, including funds, accounts, monies, stock, or
                earnings of the Judgment debtor, as described below:

| | Description of Property | Approximate Value | Description of Debtor's Interest of Property |
|---|---|---|---|
| (1) | _____ | _____ | _____ |
| | | | _____ |
| (2) | _____ | _____ | _____ |
| | | | _____ |
| (3) | _____ | _____ | _____ |
| | | | _____ |
| (4) | _____ | _____ | _____ |
| | | | _____ |

5.      Declarant states the following regarding whether there is any other

garnishment currently in effect as to the property.  If the answer is yes, the

declarant describes the other action below.

Yes    No

___    ___

_____

_____

_____

3

6.      Garnishee anticipates owing to the Judgment debtor in the future, the following property including funds, accounts, monies, stock, or earnings of the Judgment debtor:

Yes    No
___    ___

| Amount | Estimate Date or Period Due |
|--------|-----------------------------|
| (1) $_____ | _____ |
| (2) $_____ | _____ |
| (3) $_____ | _____ |
| (4) $_____ | _____ |

7.      Check the applicable line below if you DENY that you hold property subject to this order of garnishment.

_____ The Garnishee has the following objections, defenses, or set-offs to the Federal Trade Commission's right to the claimed property of the Judgment debtor:

_____

_____

_____ The Judgment debtor has account(s) at this institution.  However, the account(s) currently contain no assets.  The Garnishee, ____
_____, will forward assets as they become available in the account(s).

_____ The Garnishee is in no manner and upon no account indebted or under liability to the Judgment debtor, and the Garnishee does not have in Garnishee's possession or control any property belonging to

4

the Judgment debtor, or in which the Garnishee has an interest; and is in no manner liable as Garnishee in this action for the following reasons(s): _____

_____

_____

8.    Garnishee delivered the Answer to the Clerk of Court for the Northern

District of Georgia at:  2211 United States, Courthouse, 75 Ted Turner Drive, SW,

Atlanta, GA  30303.  The Garnishee mailed a copy of this Answer by first-class

mail to the Judgment debtor, Jared Wheat, 10304 Papillon Trace, Alpharetta, GA

30022 and to Crystal D. Ostrum, Federal Trade Commission, 600 Pennsylvania

Avenue, NW, Mailstop CC-9528, Washington, DC 20580.

_____

Representative of Garnishee

_____

(Title)

_____

(Address)

_____

(Telephone Number)

Subscribed and sworn before
me this ___ day of _____ 20__.
Notary Public

(SEAL)                                My Commission expires:

5

## ATTACHMENT TO ANSWER OF GARNISHEE

The Original Answer (and checks or money order **upon entry of the Court's Final Disposition Order**) must be mailed to:

Clerk of Court, Northern District of Georgia
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA  30303

A copy of the answer must also be delivered to:

Federal Trade Commission
600 Pennsylvania Avenue, NW
Mailstop CC-9528
Washington, DC 20580
Attn: Crystal D. Ostrum

A copy of the answer must be sent to the Judgment debtor:

Jared Wheat
10304 Papillon Trace
Alpharetta, GA 30022