[PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 21-14161

_____

FEDERAL TRADE COMMISSION,

                                  Plaintiff-Counter Defendant-
                                  Appellee,

CERTUS BANK, N.A.,

                                  Plaintiff,

*versus*

NATIONAL UROLOGICAL GROUP, INC.
dba WARNER LABORATORIES, et al.,

                                  Defendants-Counter Claimant,

HI-TECH PHARMACEUTICALS, INC.,
corporations,

Case 1:04-cv-03294-CAP   Document 1120   Filed 08/29/23   Page 2 of 18
USCA11 Case: 21-14161   Document: 57-1   Date Filed: 08/29/2023   Page: 2 of 16

2                    Opinion of the Court                    21-14161

JARED WHEAT,
individually and as officers of the corporations,
STEPHEN SMITH,
individually and as officers of National Urological Group, Inc. and
National Institute for Clinical Weight Loss, Inc.

                                                           Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:04-cv-03294-CAP

_____

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR, Circuit Judge, and COOGLER,* Chief District Judge.

JILL PRYOR, Circuit Judge:

      Hi-Tech Pharmaceuticals, Inc., Jared Wheat, and Stephen Smith appeal the district court's denial of their request for relief from contempt sanctions. Nearly twenty years ago, the Federal Trade Commission (FTC) sued them for violations of the Federal Trade Commission Act, alleging they had misrepresented their

---

* The Honorable L. Scott Coogler, Chief United States District Judge for the Northern District of Alabama, sitting by designation.

Case 1:04-cv-03294-CAP   Document 1120   Filed 08/29/23   Page 3 of 18
USCA11 Case: 21-14161   Document: 57-1   Date Filed: 08/29/2023   Page: 3 of 16

21-14161                Opinion of the Court                        3

weight-loss products to consumers. The agency sought equitable monetary remedies and an injunction against future unlawful trade practices. Relying on our precedent interpreting the Act, the district court granted injunctive relief and ordered them to pay $16 million in equitable monetary relief. Years later, the district court found that they had violated the injunction, held them in civil contempt, and ordered them to pay an additional $40 million in contempt sanctions.

Before the $40 million contempt judgment was collected, the United States Supreme Court decided *AMG Capital Management, LLC v. Federal Trade Commission*, which recognized that the Act limited the FTC's authority to seek equitable monetary remedies directly in district court without first going through administrative enforcement proceedings. 141 S. Ct. 1341 (2021). Invoking Federal Rule of Civil Procedure 60(b), Hi-Tech, Smith, and Wheat returned to district court to request relief from the contempt judgment, arguing that continued enforcement of the judgment was no longer equitable after *AMG*. The district court denied the motion, reasoning in part that *AMG* had no bearing on a district court's contempt powers. We agree and thus affirm.

## I.     BACKGROUND

We begin by summarizing the initial litigation and the contempt proceedings that followed. We then discuss the Supreme Court's decision in *AMG* and the Rule 60(b) proceedings that are the subject of this appeal.

Case 1:04-cv-03294-CAP   Document 1120   Filed 08/29/23   Page 4 of 18
USCA11 Case: 21-14161   Document: 57-1   Date Filed: 08/29/2023   Page: 4 of 16

4                     Opinion of the Court                  21-14161

Hi-Tech sold dietary supplements, which it advertised as clinically proven to cause weight loss and other beneficial effects. Approximately twenty years ago, the FTC filed a complaint against Hi-Tech and two of its officers, Smith and Wheat, for false advertising and unfair and deceptive trade practices in violation of §§ 5 and 12 of the Federal Trade Commission Act, 15 U.S.C. §§ 45(a), 52. At the time, our precedent interpreted § 13(b) of the Act to allow the FTC to seek monetary relief, such as restitution and disgorgement, directly in the district court without first completing administrative enforcement proceedings. *See FTC v. On Point Cap. Partners LLC*, 17 F.4th 1066, 1078 (11th Cir. 2021) (discussing our previous interpretation). Proceeding under § 13(b), the FTC sought an injunction against future unlawful trade practices as well as equitable monetary relief in the form of consumer redress and disgorgement of profits. The district court granted summary judgment for the FTC after determining that the defendants had violated the Act. It ordered the defendants to pay nearly $16 million in consumer redress and "attendant expenses for the administration of such equitable relief." Doc. 230 at 18.[1]

Besides ordering $16 million in equitable monetary remedies, the district court permanently enjoined the defendants from making unsubstantiated claims regarding their weight-loss products. They appealed, and we affirmed the judgment. *See FTC v. Nat'l Urological Grp., Inc.*, 356 F. App'x 358 (11th Cir. 2009) (unpublished), *cert. denied*, 562 U.S. 1003 (2010). After extensive garnishment

---

[1] "Doc." numbers refer to the district court's docket entries.

proceedings, what remained of the $16 million judgment was collected in 2015.

Several years after the judgment was entered, the FTC moved to hold the defendants in civil contempt for violating the injunction. After extensive briefing and a two-week bench trial, the district court found that the defendants had violated the injunction, held them in contempt, and ordered them to pay $40 million, jointly and severally, in compensatory sanctions for the contempt.[2] The district court directed that when the money was collected it would be deposited in the court's registry and used to reimburse consumers who had purchased the falsely advertised products. The contempt judgment provided that "[t]he FTC may access the funds only with an order by the court granting permission to access and distribute the funds to the affected consumers." Doc. 966 at 130. The order allowed the FTC to use a "reasonable portion" of the award to cover the costs of reimbursement, including locating the affected customers. *Id.* If any funds remained after distribution to the affected consumers, the judgment read, "the court will then make a determination of the appropriate distribution of those funds." *Id.* Thus far, the FTC has collected through garnishment proceedings around $2.3 million of the $40 million judgment.

---

[2] The original contempt order was vacated on appeal. *See FTC v. Nat'l Urological Grp., Inc.*, 785 F.3d 477, 483 (11th Cir. 2015) (holding that the district court misapplied collateral estoppel when it barred the defendants from presenting certain evidence and remanding for further proceedings). On remand, the district court once again found the defendants in contempt and imposed the same compensatory sanctions.

Case 1:04-cv-03294-CAP   Document 1120   Filed 08/29/23   Page 6 of 18
USCA11 Case: 21-14161   Document: 57-1   Date Filed: 08/29/2023   Page: 6 of 16

6                        Opinion of the Court                    21-14161

The defendants appealed the contempt judgment, arguing that the language of the injunction was ambiguous and thus unenforceable. *See FTC v. Nat'l Urological Grp., Inc.*, 786 Fed. App'x 947, 954 (11th Cir. 2019) (unpublished). We rejected this argument, concluding that the defendants had waived their challenge to the clarity of the injunction by not objecting or raising it on direct appeal from the judgment entering the injunction. *Id.* at 955–56. We affirmed the contempt judgment and the entry of sanctions because the district court did not abuse its discretion by holding the defendants in contempt. *Id.* at 957–60.

Two years after we affirmed the contempt judgment, the Supreme Court ruled that § 13(b) does not permit an award of equitable monetary relief such as restitution or disgorgement. *See AMG Cap. Mgmt.*, 141 S. Ct. at 1344. Relying on *AMG*, the defendants moved under Rule 60(b) for relief from the contempt judgment. They argued, as they do on appeal, that the contempt judgment "flowed from" the FTC's initial complaint under § 13(b). Doc. 1101-1 at 20. Because the FTC could not seek equitable monetary remedies directly under § 13(b), the defendants argued, the district court lacked the power to order the same equitable monetary relief indirectly as a contempt sanction for violating the injunction. The defendants also asked the district court to order an accounting of the funds the FTC had collected under both the original $16 million judgment and the $40 million contempt judgment, urging that the funds must be returned to consumers rather than deposited in the United States Treasury. Otherwise, they argued, it would constitute an improper penalty.

Case 1:04-cv-03294-CAP   Document 1120   Filed 08/29/23   Page 7 of 18
USCA11 Case: 21-14161    Document: 57-1    Date Filed: 08/29/2023    Page: 7 of 16

21-14161               Opinion of the Court                    7

The district court denied the defendants' motion on three grounds. First, the court rejected the defendants' request for relief under Rule 60(b)(5) because the contempt judgment ordering the defendants to pay money for past conduct was not "prospective" within the meaning of Rule 60(b)(5). Second, it denied relief under Rule 60(b)(6) because neither the Supreme Court's decision in *AMG* nor the defendants' complaints about the FTC's consumer redress program amounted to exceptional circumstances warranting relief. The court reasoned that the Supreme Court's ruling in *AMG* had no bearing on the underlying injunction or the district court's authority to order contempt sanctions for violating the injunction. Third, the district court denied the defendants' request for an accounting of the collected funds because the original $16 million judgment prohibited the defendants from challenging the way in which funds were distributed; the $40 million contempt judgment was not close to being satisfied, making an accounting unnecessary; and the defendants had not identified any legal authority for ordering an accounting in these circumstances.

The defendants timely appealed.

## II.    STANDARD OF REVIEW

We review a district court's denial of relief under Rules 60(b)(5) and 60(b)(6) for abuse of discretion. *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006). "An abuse of discretion occurs when a district court commits a clear error of judgment, fails to follow the proper legal standard or process for making a determination, or relies on clearly erroneous findings of fact." *Yellow Pages Photos, Inc.*

Case 1:04-cv-03294-CAP   Document 1120   Filed 08/29/23   Page 8 of 18
USCA11 Case: 21-14161   Document: 57-1   Date Filed: 08/29/2023   Page: 8 of 16

8                    Opinion of the Court                    21-14161

*v. Ziplocal, LP*, 846 F.3d 1159, 1163 (11th Cir. 2017). We review the district court's denial of an accounting for abuse of discretion as well. *Managed Care Advisory Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1153 (11th Cir. 2019).

### III.  DISCUSSION

Federal Rule of Civil Procedure 60(b) allows a district court to grant relief from a final judgment under circumstances specified in the rule. The defendants advance two grounds for relief from the contempt judgment. First, they argue that the district court erred in denying relief under Rule 60(b)(5) because "applying [the judgment] prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Alternatively, they argue that the district court should have granted relief under Rule 60(b)'s catchall provision, which encompasses "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). They offer that the FTC cannot seek—and thus the district court cannot grant—equitable monetary remedies via contempt when it cannot do so directly under § 13(b). And they argue that the district court abused its discretion in denying the request for an accounting because allowing the collected funds to be deposited in the United States Treasury would be inequitable and constitute disgorgement, an improper penalty. We reject their arguments.

### A.  The District Court Did Not Abuse Its Discretion in Denying Relief under Rule 60(b)(5).

A district court may grant relief from a final judgment when "applying it prospectively is no longer equitable." Fed. R. Civ. P.

Case 1:04-cv-03294-CAP   Document 1120   Filed 08/29/23   Page 9 of 18
USCA11 Case: 21-14161    Document: 57-1    Date Filed: 08/29/2023    Page: 9 of 16

21-14161               Opinion of the Court                9

60(b)(5). We need not decide whether the district court's order to pay contempt sanctions operates "prospectively" within the meaning of Rule 60(b)(5), because the defendants have not shown that enforcing the judgment is no longer equitable. *AMG* dealt with monetary remedies awarded directly under § 13(b). By contrast, the contempt sanctions at issue here were imposed because the defendants violated the injunction. The court's inherent authority to enforce its own orders—including through equitable monetary relief—was unaffected by *AMG*.

The FTC Act generally prohibits false advertising and unfair and deceptive trade practices. *See* 15 U.S.C. §§ 45(a) & 52. To remedy violations of the Act, the FTC may institute administrative enforcement proceedings and obtain a cease and desist order. *Id.* § 45(b). After obtaining a final cease and desist order, the agency may bring a civil action for consumer redress, *see id.* § 57b(a)(2), including through the "refund of money or return of property," *id.* § 57b(b). Independently, § 13(b) allows the FTC to proceed directly to court—without first going through administrative proceedings—to obtain a "permanent injunction" to halt unlawful trade practices. *Id.* § 53(b). Before *AMG*, we interpreted the phrase "permanent injunction" in § 13(b) to encompass the full range of a district court's equitable powers. *See FTC v. Gem Merch. Corp.*, 87 F.3d 466, 468–69 (11th Cir. 1996). District courts therefore could not only enjoin future conduct under § 13(b) but also order equitable monetary relief, such as restitution and disgorgement, or freeze assets to satisfy a future monetary judgment. *See id.*

Case 1:04-cv-03294-CAP   Document 1120   Filed 08/29/23   Page 10 of 18
USCA11 Case: 21-14161   Document: 57-1   Date Filed: 08/29/2023   Page: 10 of 16

10                    Opinion of the Court                    21-14161

In *AMG*, however, the Supreme Court held that § 13(b) does not grant the FTC the authority to obtain equitable monetary relief. *See AMG Cap. Mgmt.*, 141 S. Ct. at 1352. The Court explained that § 13(b) "focuses upon relief that is prospective, not retrospective." *Id.* at 1348. Section 13(b), then, is not a substitute for traditional administrative proceedings; rather, it is aimed at "stopping seemingly unfair practices from taking place while the Commission determines their lawfulness." *Id.* Although *AMG* limited district courts' authority to grant equitable monetary remedies under § 13(b), it did not threaten their authority to enter injunctions under § 13(b). And it did not address whether a district court could impose contempt sanctions for violating such an injunction.

The defendants concede that *AMG* did not address contempt sanctions, but they urge us to embrace a broader reading of the Supreme Court's opinion. They argue that *AMG* stands for the proposition that "Congress never intended for the FTC to obtain or courts to award equitable monetary relief for violations of the FTC Act absent the FTC's completion of an underlying administrative proceeding." Appellants' Reply Br. at 13 (emphasis omitted). And so, they argue, when Congress restricted the agency's authority to seek certain equitable relief, it also restricted district courts' ability to grant that relief. The defendants' argument rests on a misunderstanding of the basis for the contempt judgment.

The contempt judgment was not, as the defendants assert, "imposed under the FTC Act for violation[s] of the FTC Act." Appellants' Br. at 26. Instead, it was imposed pursuant to the district

Case 1:04-cv-03294-CAP   Document 1120   Filed 08/29/23   Page 11 of 18
USCA11 Case: 21-14161   Document: 57-1   Date Filed: 08/29/2023   Page: 11 of 16

21-14161               Opinion of the Court                    11

court's "inherent powers to punish contempt against it" after the defendants violated the injunction the court imposed under § 13(b). *In re McLean*, 794 F.3d 1313, 1319 (11th Cir. 2015).

For starters, *AMG* reaffirmed district courts' authority to award prospective injunctive relief, like the injunction the district court entered here, under § 13(b). *See AMG Cap. Mgmt.*, 141 S. Ct. at 1349 ("[T]he Commission may use § 13(b) to obtain injunctive relief while administrative proceedings are foreseen or in process, or when it seeks only injunctive relief."); *see also On Point Cap.*, 17 F.4th at 1079 ("Prospective injunctive relief is still allowed under § [1]3(b)."); *FTC v. Pukke*, 53 F.4th 80, 106 (4th Cir. 2022) ("*AMG* does not undercut the injunctive relief entered under Section 13(b)[.]"). When a district court enters an injunction, whether under § 13(b) or any other authority, it generally retains inherent contempt powers to remedy violations of its own orders. District courts have "extremely broad and flexible powers" to remedy civil contempt. *FTC v. Leshin*, 719 F.3d 1227, 1231 (11th Cir. 2013). Among other purposes, a court's contempt power "ensure[s] that the Judiciary has a means to vindicate its own authority." *McLean*, 794 F.3d at 1319 (alteration adopted) (internal quotation marks omitted).

"The violation of an injunction is a contempt against an entire court insofar as it flouts the court's basic authority to preserve order and administer justice." *Id.* This authority exists independently of the underlying statute's prescribed remedies. *See EEOC v. Guardian Pools, Inc.*, 828 F.2d 1507, 1516 (11th Cir. 1987)

Case 1:04-cv-03294-CAP   Document 1120   Filed 08/29/23   Page 12 of 18
USCA11 Case: 21-14161   Document: 57-1   Date Filed: 08/29/2023   Page: 12 of 16

12                      Opinion of the Court                   21-14161

(concluding that district court had the authority "to issue contempt sanctions, including fines to coerce the employer or compensate the victims [of employment discrimination], under its inherent authority to ensure compliance with its orders" regardless of the constraints governing relief under Title VII); *cf. Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946) ("Unless otherwise provided by statute, all the inherent equitable powers of the District Court are available for the proper and complete exercise of [its] jurisdiction.").

We reject the defendants' argument that the district court lacked the authority to enter the contempt judgment post-*AMG*. Regardless of the decision's effect on the district court's authority to award the $16 million in equitable monetary remedies, the court retained the authority to enter prospective injunctive relief under § 13(b), as it had done in the original FTC action. And after the defendants violated the injunction, the court had the inherent power to vindicate its own authority by imposing the $40 million contempt judgment.

Our conclusion is consistent with a recent Fourth Circuit decision addressing a similar argument. *See Pukke*, 53 F.4th at 102–03. In *Pukke*, the defendants were subject to a pre-existing injunction that prohibited them from making false representations in telemarketing. *Id.* at 100. When they later engaged in unfair trade practices, in violation of both the FTC Act and the injunction, the FTC filed a civil action and obtained an equitable monetary judgment based on § 13(b). *See id.* at 105–06. The agency also sought to hold the

Case 1:04-cv-03294-CAP   Document 1120   Filed 08/29/23   Page 13 of 18
USCA11 Case: 21-14161    Document: 57-1    Date Filed: 08/29/2023    Page: 13 of 16

21-14161               Opinion of the Court                    13

defendants in contempt of the injunction; it obtained a second judgment in the form of contempt sanctions. *Id*. On appeal from both judgments, the Fourth Circuit concluded that "[t]he Supreme Court's holding in *AMG* . . . render[ed] invalid the . . . equitable monetary judgment, at least to the extent that judgment rest[ed] on Section 13(b)." *Id*. at 105. But the court left the contempt sanctions intact, explaining that "there is 'no question' that courts 'have inherent power to enforce compliance with their lawful orders through civil contempt.'" *Id*. at 102–03 (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). The court thus concluded that "the $120.2 million order [for violations of the telemarketing injunction] can be upheld under the contempt judgment." *Id*. at 106. The same is true for the contempt judgment here.

True, the Supreme Court in *AMG* emphasized that the FTC's traditional administrative proceedings must not be circumvented. *See AMG Cap. Mgmt.*, 141 S. Ct. at 1349 (explaining that the FTC "may obtain monetary relief *by first invoking its administrative procedures* and then § 19's redress provisions (which include limitations)") (emphasis added). But the Court said nothing about how courts could *enforce* injunctions imposed under § 13(b). Neither the text of the Act nor the Supreme Court's decision in *AMG* expressly limits a district court's contempt powers in this context.

Returning to Rule 60(b)(5), we cannot say that after *AMG*, applying the contempt judgment "is no longer equitable." Fed. R. Civ. P. 60(b)(5). Indeed, "[w]e have long emphasized that Rule 60(b) strikes a delicate balance between the court's obligation to do

Case 1:04-cv-03294-CAP   Document 1120   Filed 08/29/23   Page 14 of 18
USCA11 Case: 21-14161   Document: 57-1   Date Filed: 08/29/2023   Page: 14 of 16

14                    Opinion of the Court                    21-14161

substantial justice and the sanctity of final judgments." *Bainbridge v. Governor of Fla.*, No. 22-10525, --- F.4th ---, 2023 WL 4986412, at *6 (Aug. 4, 2023) (citation and internal quotation marks omitted). "[I]t is not enough that a grant of the [Rule 60(b)] motion[] might have been permissible or warranted; rather, the decision to deny the motion[] must have been sufficiently unwarranted as to amount to an abuse of discretion." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Because *AMG* did not address the district court's inherent authority to sanction contempt, the district court did not abuse its discretion when it denied the defendants' request for relief under Rule 60(b)(5).[3]

### B. The District Court Did Not Abuse Its Discretion in Denying Relief under Rule 60(b)(6).

Alternatively, the defendants argue that they are entitled to relief under Rule 60(b)(6), which permits a court to reopen a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is only available in "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005) (internal quotation marks omitted). "Even then, whether to grant the requested relief is a matter for the district court's sound

---

[3] The defendants raise additional arguments challenging the calculation of the contempt sanctions and the propriety of the district court's original award of equitable monetary relief under § 13(b). But because they did not rely on these arguments in their Rule 60(b) motion before the district court, we do not consider them. *See Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1249 (11th Cir. 2012) ("It is well-settled that we will generally refuse to consider arguments raised for the first time on appeal.").

21-14161               Opinion of the Court                    15

discretion." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000) (alteration adopted) (citation and internal quotation marks omitted).

The defendants have failed to show extraordinary circumstances justifying relief under Rule 60(b)(6). As we have explained, *AMG* did not concern a district court's ability to enforce its own orders and thus had no bearing on the contempt sanctions at issue here. The district court did not abuse its discretion when it denied the defendants' request for relief under Rule 60(b)(6).

### C. The District Court Did Not Abuse Its Discretion in Denying the Defendants an Accounting.

The defendants also sought an accounting of funds the FTC has collected to ensure that the funds are paid to consumers rather than deposited in the United States Treasury as disgorgement. The district court denied the request, reasoning that the original $16 million judgment has been fully collected, and it is undisputed that *AMG* did not have retroactive effect. As for the contempt judgment, the district court explained that the FTC has collected only a little over $2 million of the $40 million judgment and is apparently in the early stages of remitting money to consumers. The premise of the defendants' argument is flawed because the roughly $2 million in collected funds comprise contempt sanctions, not disgorgement ordered under § 13(b). And they cite no authority compelling the district court to order an accounting in these

Case 1:04-cv-03294-CAP   Document 1120   Filed 08/29/23   Page 16 of 18
USCA11 Case: 21-14161   Document: 57-1   Date Filed: 08/29/2023   Page: 16 of 16

16            Opinion of the Court            21-14161

circumstances. Thus, we conclude that the district court did not abuse its discretion in denying the defendants' request.

## IV.   CONCLUSION

For the above reasons, we affirm the denial of the defendants' motion for relief under Rule 60(b) and for an accounting.

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 29, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 21-14161-GG
Case Style: Federal Trade Commission v. National Urological Group, Inc., et al
District Court Docket No: 1:04-cv-03294-CAP

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, <u>costs taxed against appellants</u>.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1A Issuance of Opinion With Costs